PEOPLE, PLAINTIFF AND APPELLEE, *v.* VEVE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Assault and Battery.

No. 1023.—Decided July 28, 1916.

BREACH OF PEACE—ASSAULT AND BATTERY—FORMER JEOPARDY—DOUBLE CON-VICTION.—In the circumstances of this case the court held that, as the defendant had satisfied the sentence imposed upon him for disturbing the public peace by quarreling with another person, that fact was a bar to a second conviction for the same offense, classified by the other defendant as assault and battery in the complaint charging breach of the peace.

The facts are stated in the opinion.

Mr. *Arturo Aponte, Jr.,* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case involves the question of whether the defendant should have been acquitted on a plea of *autrefois convict.* The facts are as follows:

On October 12, 1914, the complaint upon which the present action is based was filed in the Justice of the Peace Court of Luquillo and reads literally as follows:

"*The People of Porto Rico* v. *Augusto Veve.* I, Juan Matos, residing in Cachimbo Street, Luquillo, twenty-three years of age, charge Augusto Veve with assault and battery committed as follows: On October 12, 1914, at 10 a. m., while I was purchasing a money order from the local postmaster in the post office situated on the main street of Luquillo of the district of the Municipal Court of Fajardo, which forms part of the judicial district of Humacao, Porto Rico, the said defendant, after a few words, then and there wilfully and criminally assaulted and beat me with his hand, inflicting a wound on my nose. (Signed) Juan Matos, complaining witness. Sworn to before me this 12th day of October, 1914. (Signed) J. Cuevas Zequeira, Justice of the Peace of Luquillo."

On the same day, October 12, 1914, and in the same court, another complaint was filed, a literal copy of which is as follows:

"Justice of the Peace Court of Luquillo. — United States of America.—The President of the United States.—*The People of Porto Rico* v. *Augusto Veve and Juan Matos.*—I, Atanasio Ricard, Corporal of Insular Police, residing in Cachimbo Street, Luquillo, P. R., thirty-four years of age, charge the aforesaid defendants with a breach of the peace committed as follows: On October 12, 1914, at 10.30 a. m., in the post office, which is situated on the main street of Luquillo of the judicial district of Humacao, the said defendants then and there wilfully and maliciously disturbed the peace of the immediate vicinity by creating an affray within the said post office, as a result of which Juan Matos received a wound on the nose and a crowd of people gathered at the scene of the disturbance. This act is contrary to the statute in such case made and provided and against the peace and dignity of The People of Porto Rico. The following are witnesses: Reinaldo Rivera, Manuel Rivera, Juan Vélez, Eulogio Bonano, Federico Noreira, and Benigno Figueroa. (Signed) Atanasio Ricard, Corporal of I. P., complainant. Sworn to before me this 12th day of October, 1914. J. Cuevas Zequeira, Justice of the Peace of Luquillo."

Defendant Veve was convicted on the first as well as on the second complaint. He appealed from the judgment convicting him of assault and battery and served out the sentence imposed upon him for disturbing the peace in an affray with another person. When the case was called on appeal in the district court he pleaded, in due time and proper form, that he should be acquitted because he had already been convicted of the same offense.

The district court held that the offenses were distinct and overruled the appellant's plea.

The *fiscal* of this court defends the action of the trial court and the appellant opposes it.

After carefully considering the question at issue we are of the opinion that the appellant is right.

Section 6 of the Code of Criminal Procedure is applicable because the same act is involved and the offenses are not distinct. It is not a case where one person assaults another in a house and then rushes excitedly into the street and disturbs the peace by loud and unusual cries. The complaint

charging a breach of the peace is based upon the affray which the defendant had with another person. According to the complaint of the policeman, the affray was the cause of the breach of the peace. The participation of the defendant in what the policeman called an affray was described by the other complaining witness as assault and battery upon his person.

The judgment appealed from should be reversed and the defendant discharged.

*Reversed and defendant discharged.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.